**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANGEL CORDERO,

                         Plaintiff,

                                                                   9:04-CV-1360

          - v -                                                          (LEK/RFT)

GLENN S. GOORD, Commissioner, Dep't of Corr. Servs.;
S. CONNELL, Acting Superintendent, Oneida Corr. Facility;
LANE, Captain, Oneida Corr. Facility; WALTER BEVERLY,
Sergeant, Oneida Corr. Facility; EDWARD LORENZONI,
Corr. Officer, Oneida Corr. Facility; RICHARD CRAMER,
Corr. Officer, Oneida Corr. Facility; DOUGLAS BURKE,
Corr. Officer, Oneida Corr. Facility; DEBORAH TREXLER,
Registered Nurse, Oneida Corr. Facility,

                         Defendants.

**APPEARANCES:**                                 **OF COUNSEL:**

ANGEL CORDERO
Plaintiff, *Pro Se*
99-A-0748
Last Known Address:
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

      On November 22, 2004, Angel Cordero filed a *pro se* Complaint against the above-captioned Defendants. Dkt. No. 1, Compl. At the time, he sought, and the Court granted, his Application for *In Forma Pauperis* status. Dkt. No. 4, Order, dated Dec. 21, 2004. In the Order granting his Application, and consistent with local practice in this district, Cordero was warned of his obligation to notify the Court of any address change. *Id*. at p. 3; *see also* N.D.N.Y.L.R.

10.1(b)(2).  Furthermore, he was warned that his failure to comply with this rule would result in the dismissal of his action.  Dkt. No. 4 at p. 3; *see* N.D.N.Y.L.R. 41.2(b).  More specifically, the Court mailed him an Order which provided, *inter alia*:

> **<u>Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do so will result in the dismissal of this action.</u>**

*See* Dkt. No. 4 at p. 3 (emphasis in original).

On August 18, 2005, mail sent to Cordero from this Court, regarding receipt of the partial filing fee, was returned as undeliverable.  *See* Dkt. No. 6.  A staff member from this Court has consulted the New York State Department of Correctional Services Inmate Locator Website and has ascertained that Mr. Cordero was discharged from Attica Correctional Facility on August 3, 2005, after serving the maximum duration of his sentence.  *See* New York State Department of Correctional Services Inmate Population Search, *available at* http://nysdocslookup.docs.state.ny.us/kinqw00.  Over four months have elapsed since such discharge with no notification from the Plaintiff as to his current whereabouts.  On December 27, 2005, this Court issued an Order directing Cordero to verify his current mailing address with the Court.  Dkt. No. 7.  That Order was returned to the Court as "undeliverable."  Dkt. No. 8.

This Court finds that Cordero's failure to provide this Court with a change of address and his continued inaction in this case indicates an abandonment of his claims and warrants a recommendation of dismissal.  *See* N.D.N.Y.L.R. 41(a) ("[T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."); & N.D.N.Y.L.R. 41(b) ("Failure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action.").  Rule 41(b) of the Federal Rules of Civil

Procedure allows a court to dismiss an action for failure to prosecute.[1] *See also* N.D.N.Y.L.R. 41.2(b). Courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998); *Morgan v. Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699 (N.D.N.Y. Apr. 10, 1996). As then District Judge Pooler stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* N.D.N.Y.L.R. 41.2(b).

This matter cannot proceed without notification to the Court by Plaintiff of his current address. Since Cordero has failed to inform the Court of same and was specifically warned that his continued failure to abide by the Local Rules would result in this Court recommending dismissal of his action, it is hereby

**RECOMMENDED**, that this action be **dismissed** due to Plaintiff's failure to keep the Court apprised of a current address and due to his presumptive failure to prosecute this action; and it is further

---

[1] None of the Defendants have been served with process in this action. On March 9, 2005, the United States Marshal's Service notified Plaintiff that he failed to provide USM-285 forms for all Defendants. Thereafter, on June 6, 2005, Summonses for the named Defendants were re-issued at the request of the United States Marshal's Service. There are no further notations on the Docket Report with regard to service of the named Defendants. The Court will not address service of process issues at this time.

**ORDERED** that the Clerk of the Court serve a copy of this Order on Plaintiff at the address listed in the caption above; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on the United States Marshal and any service efforts shall cease pending the District Judge's determination of recommendation of dismissal included herein.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report to the **U.S. DISTRICT JUDGE** assigned to this case.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT TO THE U.S. DISTRICT JUDGE WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993); *Small v. Sec'y of Health and Human Servs.* 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

**IT IS SO ORDERED**

Dated:   January 26, 2006
         Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge